UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN A. LAPAGLIA,
    *Plaintiff*,

v.

MATTHEW J. REILLY,
    *Defendant*.

No. 3:16-cv-01512 (JAM)

**RULING GRANTING MOTION FOR SUMMARY JUDGMENT**

One day in early 2013, plaintiff John Lapaglia decided to call a U.S. military recruiter in New Haven, Connecticut. When no one answered the phone, he left an angry voicemail describing how he would like to detonate a nuclear bomb and kill millions of Americans. Not surprisingly, plaintiff was arrested for harassment and threatening. The charges were later dismissed because the military recruiter whom plaintiff tried to contact was not available to testify at trial. Plaintiff then decided to file this lawsuit for malicious prosecution against the police officer who initiated plaintiff's arrest and prosecution. Because it is abundantly clear that—notwithstanding the dismissal of the charges—there was at least arguable probable cause at the outset to support plaintiff's arrest and prosecution, I will grant defendant's motion for summary judgment.

### BACKGROUND

Plaintiff is a resident of New Haven, Connecticut. Defendant is a detective for the Connecticut State Police and at all relevant times was a task force officer on the FBI's Joint Terrorism Task Force.

On June 12, 2013, defendant signed an affidavit in support of an arrest warrant for plaintiff on state law charges of second-degree threatening and harassment. *See* Conn. Gen. Stat.

1

§§ 53a-62 & 53a-183. The affidavit was based in large part on defendant's review of voicemails left with a military recruiter in New Haven in early March 2013. According to the affidavit, a caller named "John" left a voicemail "indicat[ing] that if North Korea gave him a 'suitcase nuke,' he would detonate it in Washington, D.C. and kill millions of Americans." Doc. #19-6 at 6. Another voicemail stated as follows:

> Hello, this is John Lapaglia, and I just wanna say you're a simple f***ing shit. I hope North Korea suitcase nukes the United States and kills all of the Americans inside Washington, D.C. F*** you! I want to speak to your supervisor for ignoring me. You f***ing piece of s***! F*** you!"

*Ibid.* The affidavit recounted subsequent investigation efforts, including an interview of plaintiff to verify on the basis of voice similarity that it was him who had called the recruiter. The police arrested plaintiff but the charges against him were eventually dismissed by way of a *nolle prosequi* as a result of the unavailability at trial of the military recruiter whom plaintiff had called.

Plaintiff later filed this lawsuit for malicious prosecution. The complaint alleges that defendant's arrest warrant affidavit contained multiple false statements, including the statements of plaintiff that were left on voicemails and that are quoted above. Doc. #1 at 2 (¶ 7A).

Defendant has now moved for summary judgment. The papers filed by defendant in support of the summary judgment motion substantiate the basis that defendant had for attributing the statements quoted above as they appear in the arrest warrant affidavit. Defendant persuasively contends that these statements alone establish probable cause for plaintiff's arrest and prosecution.

Indeed, defendant's papers are apparently so convincing that plaintiff himself no longer contends that defendant falsely attributed the above-quoted statements to him or that these statements did not give rise to probable cause to arrest and prosecute him. Plaintiff instead

2

contends that defendant's arrest warrant affidavit *omitted* some additional facts that would have vitiated the existence of probable cause to arrest him. Plaintiff argues that defendant should have included the following facts in his affidavit: (1) that plaintiff receives Social Security disability payments, (2) that plaintiff has had mental health problems since he was five years old, (3) that plaintiff's mother believes he is harmless, (4) that plaintiff attempted to invoke his right against self-incrimination before he was interviewed by law enforcement agents, and (5) that plaintiff denied making any of the voicemail-recorded statements that were attributed to him.

## DISCUSSION

The principles governing the Court's review of a motion for summary judgment are well established. Summary judgment may be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). I must view the facts in the light most favorable to the party who opposes the motion for summary judgment and then decide if those facts would be enough—if eventually proved at trial—to allow a reasonable jury to decide the case in favor of the opposing party. A court's role at summary judgment is not to judge the credibility of witnesses or to resolve close contested issues but solely to decide if there are enough facts that remain in dispute to warrant a trial. *See generally Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (*per curiam*); *Pollard v. New York Methodist Hosp.*, 861 F.3d 374, 378 (2d Cir. 2017).

To prevail on a Fourth Amendment claim of malicious prosecution, a plaintiff must prove that he or she was subject to an arrest or other seizure within the meaning of the Fourth Amendment and also that "(1) the defendant initiated or continued criminal proceedings against the plaintiff; (2) the criminal proceeding terminated in favor of the plaintiff; (3) the defendant

3

acted without probable cause; and (4) the defendant acted with malice." *Roberts v. Babkiewicz*, 582 F.3d 418, 420 (2d Cir. 2009) (*per curiam*) (internal quotation marks and citation omitted).

The existence of probable cause is a complete defense to a claim for false arrest or malicious prosecution. *See Betts v. Shearman*, 751 F.3d 78, 82 (2d Cir. 2014); *Manganiello v. City of New York*, 612 F.3d 149, 161–62 (2d Cir. 2010). "An officer has probable cause to arrest when he or she has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed . . . a crime." *Stansbury v. Wertman*, 721 F.3d 84, 89 (2d Cir. 2013).

In addition, an officer is entitled to qualified immunity from a claim for false arrest or malicious prosecution if he or she had at least arguable probable cause to have made the arrest or to have initiated and maintained a prosecution. *See id.* at 89 n.3. "A police officer has arguable probable cause if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." *Figueroa v. Mazza*, 825 F.3d 89, 100 (2d Cir. 2016) (internal quotation marks and citation omitted).

Based on my review of defendant's submissions, it is clear that defendant had at least arguable probable cause to arrest and to initiate a prosecution against plaintiff for both crimes of threatening and harassment. *See* Doc. #19-1 at 14-16 (reviewing statutory elements and facts supporting charges). Plaintiff's opposition papers make no effort to argue that any of defendant's statements in the arrest warrant affidavit were false or that the facts set forth in the affidavit were not enough to establish probable cause.

As to plaintiff's claim that defendant omitted additional facts from the affidavit, a plaintiff may not defend against a summary judgment motion by alleging new grounds as a basis

for relief that should have been alleged in the first instance in the complaint. *See Shah v. Helen Hayes Hosp.*, 252 F. App'x 364, 366 (2d Cir. 2007); *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998). That is especially true here because plaintiff expressly disclaimed reliance during discovery proceedings in this case on any argument that there were additional facts that should have been included by defendant in the arrest warrant affidavit. *See* Doc. #22 at 2. Moreover, I conclude for substantially the reasons set forth in defendant's reply brief that none of the omitted facts would have vitiated the existence of arguable probable cause to support the prosecution of plaintiff for threatening and harassment. Doc. #22 at 4-5. Accordingly, defendant is entitled to qualified immunity from plaintiff's claim.

## CONCLUSION

Defendant's motion for summary judgment (Doc. #19) is GRANTED. The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven this 27th day of December 2017.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge